Carla V. Minnard, Esq. (CSB No. 176015)
Carole M. Bosch, Esq. (CSB No. 239790)
MINNARD BOSCH LLP
4100 Redwood Road #145
Oakland, CA 94619
(510) 479-1475 Telephone
(415) 358-5588 Facsimile
carlaminnard@minnardlaw.com
carolebosch@minnardlaw.com

Attorneys for Plaintiff
GARY DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES INC.;<br>HUFFY CORPORATION; EBONY<br>STOREY; and DOES ONE<br>THROUGH TEN.<br><br>    Defendants. | Case No.: 2:16-CV-9480-JFW (AJWx)<br><br>**PLAINTIFF'S PROPOSED STATEMENT OF DECISION REGARDING MOTION TO REMAND**<br><br>Date:         February 13, 2017<br>Time:        1:30 p.m.<br>Courtroom:  7A, Hon. John F. Walter<br>Action Filed: November 16, 2016<br>Trial Date:   December 5, 2017 |

## I.    INTRODUCTION

Plaintiff seeks remand of this purely state-law case.  Defendants Wal-Mart Stores Inc. (hereinafter "Wal-Mart") and Huffy Corporation (hereinafter "Huffy") contend that Plaintiff fraudulently joined Defendant Ebony Storey, a Wal-Mart

-1-

1  store manager against whom Plaintiff asserts a cause of action for negligent
2  hiring, retention, and supervision. Because Defendants do not demonstrate that
3  Plaintiff "fails to state a cause of action against [Defendant Storey], and the
4  failure is obvious according to the settled rules of the state," Plaintiff's Motion to
5  Remand is granted. *McCabe v. Gen. Foods Corp.* 811 F.2d 1336, 1339 (9th Cir
6  1987).

## II.   STATEMENT OF FACTS

On November 22, 2016, Plaintiff filed suit in Superior Court, County of Los Angeles, Case No. BC026554, against Defendants Wal-Mart, Storey, and Huffy. *See* Bosch Decl., Ex. A, Complaint at ¶¶ 2-4. Plaintiff suffered severe dental injuries when, as he was riding a Huffy bicycle purchased at Wal-Mart, the front wheel detached causing him to fall. *Id.* at ¶¶ 9-21. Plaintiff asserts negligence, product liability, and breach of warranty causes of action against Wal-Mart and Huffy. *Id.* at ¶¶ 22-31, 41-57. As to Defendants Wal-Mart and Storey, Plaintiff further asserts negligent hiring, supervision, retention, and training of the person who assembled the bicycle. *Id.* at ¶¶ 34-40.

On November 28, 2016, Plaintiff served Defendant Huffy by first-class mail. *See* Bosch Decl., Ex. B. On December 1 and 2, 2016 respectively, Plaintiff personally served Defendants Wal-Mart and Storey. *Id.*, Exs. C and D.

On December 22, 2016, Defendant Wal-Mart filed a notice of removal of the case to federal court. *See* Notice of Removal, Doc. No. 1. Wal-Mart asserts removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1441. *Id.* at 1:26-28 (¶ 1).

///
///

-2-

PLAINTIFF'S STATEMENT OF DECISION
REGARDING MOTION TO REMAND

### III. APPLICABLE STANDARD

Fraudulent joinder "is a term of art" and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). Joinder is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe, supra,* at 1339.

Courts recognize a "strong presumption" against removal jurisdiction. *Sanchez v. Lane Bryant, Inc.,* 123 F.Supp.3d 1238, 1241–42 (C.D. Cal. 2015); *Alderman v. Pitney Bowes Mgt Svcs*, 191 F.Supp.2d 1113, 1114–15 (N.D. Cal. 2002) ["strong presumption against finding fraudulent joinder."] Accordingly, the burden is on the removing defendant to demonstrate that removal is proper. *Sanchez, supra*, at 1241-42. "The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Id.; Davis v. Prentiss Props. Ltd., Inc.* 66 F. Supp. 2d 1112, 1114 (C.D. Cal 1999); *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009).

Three principles follow. First, "[a] merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir.1944). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1170 (E.D.Cal.2011); see also *Rader v. Sun Life Assurance Co. of Can.*, 941 F.Supp.2d 1191, 1194 (N.D.Cal.2013). If there is a possibility that the plaintiff could amend his pleading to state a cause of action against the

-3-

PLAINTIFF'S STATEMENT OF DECISION
REGARDING MOTION TO REMAND

allegedly sham defendant, then remand is warranted. *Padilla*, 697 F.Supp.2d at 1159.

Second, remand is warranted in cases where "sufficient ambiguity exists in California law." *Davis v. Prentiss Properties Ltd., Inc.,* 66 F.Supp.2d at p. 1116–17. "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Macey v. Allstate Property and Cas. Ins. Co.,* 220 F.Supp.2d 1116, 1118 (N.D. Cal. 2002).

Third, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party. *Sanchez, supra*, at 1241-42.

### IV.   LEGAL DISCUSSION

#### 1.   Plaintiff and Defendant Storey Are California Residents

The presence of a non-diverse defendant in a lawsuit at the time of its filing in state court defeats diversity jurisdiction. *Morris* v. *Princess Cruises, Inc., 236* F3d 1062, 1067 (9th. Cir. 2001).

Based on the facial allegations in the Complaint, Plaintiff and Defendant Storey are California residents. *See* Bosch Decl., Ex. A, Complaint at ¶¶ 1,3. Defendants do not claim otherwise.

#### 2.   Plaintiff Asserts a Valid Cause of Action for Negligent Hiring Against Defendant Storey

Under well-established California law, "[a]n employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." *Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139; *Roman Catholic Bishop v. Sup. Court* (1996) 42 Cal.App.4th 1556, 1564-1565. Liability is found where an employer "knew or should have known

-4-

that hiring the employee created a particular risk or hazard and that particular harm materializes." *Phillips, supra,* 172 Cal.App.4th 1139; *Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038, 1054. Liability for negligent hiring, supervision, and retention of an employee "is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Technologies, Inc.* (2006) 145 Cal.App.4th 790, 815.

Plaintiff properly pleaded here as follows: (1) The Wal-Mart employee who assembled and inspected the bicycle was unfit and incompetent to perform the work for which the employee was hired, and was not properly trained and/or supervised in the carrying of his or her duties; (2) Defendant Storey, the store manager, knew or should have known that the Wal-Mart employee who assembled and inspected the bicycle was unfit and incompetent to perform the work, and that this unfitness and incompetence created a particular risk to others; (3) As a result of the unfitness and incompetence, Plaintiff suffered harm and incurred, and continues to incur, medical and dental expenses as well physical pain, disfigurement, loss of enjoyment of life, embarrassment, stress, and anxiety in an amount to be proven at trial; and (4) The unfitness, incompetence, and lack of proper training and supervision were a substantial factor in causing Plaintiff's harm. CACI 426—Negligent Hiring, Supervision, or Retention of Employee; Bosch Decl., Ex. A, Complaint at ¶¶ 3, 34-39.

To the extent Plaintiff's allegations are deemed defective, Plaintiff may amend his pleadings and remand is warranted. *Padilla*, 697 F.Supp.2d at 1159.

///
///
///

-5-

PLAINTIFF'S STATEMENT OF DECISION
REGARDING MOTION TO REMAND

### 3. California Law Recognizes Individual Liability for Negligent Hiring

Individual liability for negligent hiring was recognized in *Baisley v. Henry* (1921) 55 Cal.App. 760, 763–64.  In *Baisley*, a minor who had been shot by a patrolman brought a negligence action against individual City trustees.  *Id.* at p. 760.  Although the Court found that the individual trustees had not hired the patrolman and therefore were not negligent, it reasoned as follows:

> "The rule is that an agent is not in general liable to third persons for the misfeasance or malfeasance of a subagent employed by him in the service of his principal, **unless he is guilty of negligence in the appointment of such subagent or improperly co-operates in the latter's acts or omissions.**  [Citations omitted.]  An application of this principle is found in the rule, uniformly recognized, that a public officer is not personally liable for the negligence of an inferior officer, unless he, having the power of appointment, has failed to use ordinary care in the selection. "

(*Id.* at pp. 763-764, emphasis added; see also *Hilton v. Oliver* (1928) 204 Cal. 535, 539 ["An agent is not in general liable to third persons for the misfeasance or malfeasance of a subagent employed by him in the service of his principal, unless she is guilty of negligence in the appointment of such subagent."]

Such principles are consistent with the agency rules governing the liability for agents of a corporate principal.  "[T]he true rule is, of course, that the agent is liable for his own acts, regardless of whether the principal is liable or amenable to judicial action." F*rances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 505.  In its reasoning regarding director liability, the Supreme Court in *Frances T.* stated that "like any other employee, directors individually owe a duty of care, independent of the corporate entity's own duty, to refrain from acting in a manner

that creates an unreasonable risk of personal injury to third parties. " *Id.* Defendant Storey is subject to the same rule as other employees.

### 4. Any Ambiguity Regarding Individual Liability for Negligent Hiring Requires Remand

As all negligence cases, negligent hiring cases are subject to a duty, breach, and causation analysis. *Phillips, supra,* 172 Cal.App.4th 1139. "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide. However, the elements of breach of that duty and causation are ordinarily questions of fact for the jury's determination." (*Id.*)

With regards to duty, Defendants do not provide any California law that shows that the claims alleged against Defendant Storey are barred. Defendants cite to no case and fail to engage in any analysis of the foreseeability and public policy factors determinative of duty pursuant to *Rowland v. Christian* (1968) 69 Cal.2d 108, 112. To the extent any ambiguity exists in the law regarding whether store managers have a duty of reasonable care to avoid harm to third parties, the ambiguity should be resolved in favor of remand. *Davis v. Prentiss Properties Ltd., Inc,* 66 F.Supp.2d at p. 1116–17.

With regards to causation and breach, Defendants argue that Plaintiff does not allege that Defendant Storey "had any involvement with the assembly of the subject bicycle" or "identify facts regarding the alleged unfitness of any Wal-Mart employee involved in the assembly." However, Plaintiff properly pleaded that the Wal-Mart assembler was unfit, that Defendant Storey knew of the unfitness, which created a risk to others, and that this unfitness and lack of proper training and supervision were a substantial factor in causing Plaintiff's harm. Bosch Decl., Ex. A, Complaint at ¶¶ 3, 34-39; see also CACI 426—Negligent

-7-

Hiring, Supervision, or Retention of Employee. To the extent Plaintiff insufficiently pleaded causation, Plaintiff may amend his pleadings and remand is warranted. *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009); see also *Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1170 (E.D.Cal.2011).

### 5. The "Manager's Privilege" Does Not Extend to Negligent Hiring Cases

Defendants' attempt to extend the "manager's privilege" as set forth in *McCabe v. General Foods* to this case was rejected in *Hernandez v. Ignite Restaurant Group*, *supra,* 917 F.Supp.2d at pp. 1090-1092.

The *McCabe* Court found the plaintiff could not state a cause of action for wrongful discharge against his former managers because their actions were privileged under *Los Angeles Airways Inc. v. Davis*, 687 F2.d 321, 328 (9th Cir. 1982). *McCabe*, *supra*, 811 F.2d at p. 1339. *Los Angeles Airways Inc.* addressed the existence and scope of the "manager's privilege" related to an inducement of a breach of contract claim. *Id*. at pp. 325–26. The Court held that "a manager is said to be privileged to induce the breach of an employment contract between his employer and another employee." *Id.* at p. 325.

However, Defendant's argument here that the "manager's privilege" should be extended to all tort claims arising from the course and scope of employment was rejected in *Hernandez v. Ignite Restaurant Group*, *supra,* 917 F.Supp.2d at p. 1090. In *Hernandez*, the defendants claimed fraudulent joinder of two managers in claims for defamation and invasion of privacy. *Id.* The Court granted remand. *Id*. at p. 1091-1092. The Court reasoned that the manager's privilege bars lawsuits by a terminated employee against a supervisor for intentional

-8-

interference with contractual relationship but "it is not clear whether the manager's privilege applies outside the scope of claims for intentional interference with contract." *Id*. at p. 1090-1091. The court concluded, that, "[i]n light of this lack of clarity, it cannot be said that the manager's privilege clearly bars Plaintiff's defamation and invasion of privacy claims against [the managers] under the "settled" California law." *Id*. at p. 1091; see also *Sanchez v. Lane Bryant, Inc.* (C.D. Cal. 2015) 123 F.Supp.3d 1238, 1246; *Calero v. Unisys Corp.* 271 F.Supp.2d 1172, 1180 (N.D. Cal. 2003) [granting remand where defendants failed to prove that the manager's privilege applied to intentional infliction of emotional distress claim against manager]. Likewise here, Defendants fail to demonstrate that the "manager's privilege" applies in negligent hiring cases.

### 6. Labor Code Section 2802 Does Not Preclude a Finding of Liability Against Defendant Storey

Wal-Mart contends this case should be remanded because Wal-Mart has a duty to defend and indemnify Defendant Storey under Labor Code section 2802. See Notice of Removal, Doc. No. 1 at ¶¶ 22-24, pp. 7-9.

Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Section 2802 "requires an employer to defend or indemnify an employee who is sued by third persons for conduct in the course and scope of his employment." *Thornton v. California Unemployment Ins. Appeals Bd*. (2012) 204 Cal.App.4th 1403, 1412.

-9-

PLAINTIFF'S STATEMENT OF DECISION
REGARDING MOTION TO REMAND

Section 2802 is not a doctrine of immunity and Defendants do not show otherwise. Whether Wal-Mart has a duty to defend and indemnify Defendant Storey has no bearing on whether she may or may not, under settled California law, be held liable for negligent hiring, supervision, retention, and training.

### IV. CONCLUSION

Defendants fail to meet their burden to show that Plaintiff does not state and cannot state a claim for negligent hiring against Defendant Storey under settled California law. Accordingly, pursuant to 28 U.S.C. § 1447(c), plaintiffs' motion to remand the case to Los Angeles Superior Court is GRANTED.

Dated: February 6, 2017.

                                                    Hon. John F. Walter
                                                    Unites States District Court Judge